21cv1308

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY STEWART COSTA,<br><br>Plaintiff,<br><br>v.<br><br>MARGARITA SANDOVAL,<br><br>Defendant. | No.  1:2I-cv-01308 JLT GSA (PC)<br><br>ORDER DIRECTING PLAINTIFF TO SHOW CAUSE WHY THIS MATTER SHOULD NOT BE DISMISSED FOR FAILURE TO OBEY COURT ORDERS<br><br>(See ECF Nos. 14, 15)<br><br>PLAINTIFF'S SHOWING OF CAUSE OR, IN THE ALTERNATIVE, PLAINTIFF'S NOTICE OF CURRENT ADDRESS AND FILING FEE OR NON-PRISONER IN FORMA PAUPERIS APPLICATION DUE IN FOURTEEN DAYS |

Plaintiff, a former state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

For the reasons stated below, Plaintiff will be ordered to show cause why this matter should not be dismissed for failure to obey court orders.  As an alternative to filing the showing of cause, Plaintiff may:  (1) file a notice of current address with the Court, and (2) either pay the filing fee in full, or complete and file a non-prisoner in forma pauperis application with the Court. Plaintiff will be given fourteen days to comply with this order.

1

## I.    RELEVANT FACTS

On August 30, 2021, Plaintiff's complaint and his application to proceed in forma pauperis along with his six-month prison trust fund account statement were docketed.  ECF Nos. 1, 2.  Shortly thereafter, the Court granted Plaintiff's in forma pauperis application.  ECF No. 4.

On April 13, 2022, a notice of change of address filed by Plaintiff was docketed.  ECF No. 13.  The address in the notice appeared to indicate that Plaintiff had been released from prison.  See id.

On July 25, 2024, because quite some time had passed from the date that Plaintiff filed his notice of change of address, prior to screening the complaint, Plaintiff was ordered to file a notice of current address with the Court.  ECF No. 14.  Plaintiff was given seven days to do so.  Id.  Plaintiff has not as yet responded to the Court's order, nor has he filed an extension of time to do so.  The Court also notes that the order was never returned to the Court marked "undeliverable."

Despite these facts, on January 22, 2025, given Plaintiff's non-prisoner status, the Court ordered Plaintiff to file a non-prisoner in forma pauperis application.  He was given thirty days to do so.  To date, Plaintiff has also failed to respond to this order of the Court, nor has he requested an extension of time to do so.  In addition, like the July 2024 order which had directed Plaintiff to file a notice of current address, it was never returned to the Court marked "undeliverable."

## II.    DISCUSSION

Both the Court and the public have an interest in the disposal of cases in an expedient manner.  See generally Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (presuming public has interest in expeditious litigation).  The order directing Plaintiff to file a notice of current address was issued in order to ensure that a correct address was on file for Plaintiff prior to screening his case.  Having this information on file generally enables the Court to be more efficient.  It also allows the Court to prioritize the review of older matters on its docket.

Plaintiff's failure:  (1) to timely file a notice of current address when ordered to do so, and (2) either to pay the filing fee in full or to submit a non-prisoner in forma pauperis application, as

required by law[1] has stalled this process.  For these reasons, Plaintiff will be ordered to show

cause why this matter should not be dismissed for his failure to do so.  In the alternative, Plaintiff

may file a notice of an updated address with the Court and either pay the filing fee in full or

complete and file a non-prisoner application to proceed in forma pauperis.  Plaintiff will be given

fourteen days to comply with this order.

     Accordingly, IT IS HEREBY ORDERED that:

     1.  The Clerk of Court shall send Plaintiff a copy of the Court's in forma pauperis

application for a non-prisoner;

     2.  Within fourteen days from the date of this order, shall SHOW CAUSE why this matter

should not be dismissed for failure to obey court orders.  See Fed. R. Civ. P. 41(b); Local Rule

110, and

     3.  As an ALTERNATIVE to filing the showing of cause, Plaintiff may:  (1) file a notice

of current address with the Court, and (2) either pay the filing fee in full or complete and file a

non-prisoner in forma pauperis application with the Court.

**     Plaintiff is cautioned that failure to comply with this order within the time allotted**

**may result in a recommendation that this matter be dismissed.**

IT IS SO ORDERED.

   Dated:  __March 6, 2025__        _____**/s/ Gary S. Austin**

                               UNITED STATES MAGISTRATE JUDGE

---

[1] "[A] released prisoner may proceed in forma pauperis upon satisfying the poverty provisions applicable to non-prisoners."  DeBlasio v. Gilmore, 315 F.3d 396, 398-99 (4th Cir. 2003) (brackets added) (collecting cases); McGann v. Comm'r, Soc. Sec. Admin., 96 F.3d 29, 30 (2d Cir. 1996); see In re Prison Litigation Reform Act, 105 F.3d 1131, 1139 (6th Cir. 1997) (stating upon release, obligation to pay remainder of fees to be determined solely on question of whether individual qualifies for pauper status).  "After release, the obligation to pay the remainder of the fees is to be determined solely on the question of whether the released individual qualifies for pauper status."  In re Prison Litig. Reform Act, 105 F.3d 1131, 1139 (6th Cir. 1997).